**FILED**

IN THE UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

JUN 02 2011

MATTHEW J. DYKMAN

CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  10-CR-2223 BB |
| | ) | |
| **KEVIN DWYER,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of

the following agreement between the United States Attorney for the District of New Mexico, the

Defendant, **KEVIN DWYER,** and the Defendant's counsel, Tye Harmon:

### REPRESENTATION BY COUNSEL

1.      The Defendant understands his right to be represented by an attorney and is so

represented.  The Defendant has thoroughly reviewed all aspects of this case with his attorney

and is fully satisfied with that attorney's legal representation.

### RIGHTS OF DEFENDANT

2.      The Defendant further understands his rights:

a.      to plead not guilty, or having already so pleaded, to persist in that plea;

b.      to have a trial by jury; and

c.      at a trial:

1)      to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant hereby agrees to waive these rights and to plead guilty to an

Indictment in Cause No. 10-CR-2223 BB, charging Count 1 a violation of 18 U.S.C. § 2422(b),

that being Coercion and Enticement of a Minor, and charging Count 2 a violation of 18 U.S.C.

§§ 2251(a) and 2256, that being Sexual Exploitation of Children.  The Defendant further agrees

to admit to the criminal forfeiture as specified in this plea agreement.

## SENTENCING

4.      The Defendant understands that the penalty the Court can impose for Count 1,  a

violation of 18 U.S.C. § 2422(b), is:

a.      imprisonment not less than 10 years or for life;

b.      a fine not to exceed $250,000;

c.      a lifetime term of supervised release.  (If Defendant serves a term of

imprisonment, is then released on supervised release, and violates the

conditions of supervised release, Defendant's supervised release could be

revoked -- even on the last day of the term -- and Defendant could then be

returned to another period of incarceration and a new term of supervised

release.);

d.      a mandatory special penalty assessment of $100.00; and

e.      restitution as may be ordered by the Court.

2

5.      The Defendant understands that the penalty the Court can impose for Count 2, a violation of 18 U.S.C. §§ 2251(a) and 2256, is:

a.      imprisonment not less than 15 years nor more than 30 years;

b.      a fine not to exceed $250,000;

c.      a lifetime term of supervised release. (If Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, Defendant's supervised release could be revoked -- even on the last day of the term -- and Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.      a mandatory special penalty assessment of $100.00; and

e.      restitution as may be ordered by the Court.

6.      The parties recognize that the United States Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes, although the Defendant faces a statutory minimum of 10 years for Count 1 and 15 years for Count 2 of the Indictment.

7.      The United States hereby expressly reserves the right to make known to the Court and the United States Pretrial Services and Probation Office, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G § 1B1.3.

8.      The Defendant fully understands that the agreement included in this document

3

determines the sentence in this case, and whether the Court accepts the plea described herein and

enters that agreed upon sentence is solely in the discretion of the Court. Both parties understand

that should the Court choose not to accept this plea agreement, as fully laid out in this document,

the United States may withdraw from this plea agreement and proceed to trial on the Indictment.

It is expressly understood and agreed by and between the Defendant and the United States that:

      a.     The United States has made an agreement with the Defendant pursuant to

Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is agreed to in this plea agreement.

This specific sentence shall be for a total of 20 years imprisonment, followed by a lifetime of

supervised release, on Counts 1 and 2, to which the Defendant pleads guilty under this

agreement. Both parties agree that the Special Penalty Assessment is $100.00 per convicted

Count, and that restitution may be ordered by the Court.

      b.     The United States and the Defendant agree that the nature and

circumstances of this crime warrant this plea agreement pursuant to Rule 11(c)(1)(C), Fed. R.

Crim. P., and as provided in the United States Sentencing Guideline § 6B1.1(c).

      c.     Both the United States and the Defendant recognize that this agreement

identifies a definite term of imprisonment for Counts 1 and 2 as appropriate in this case. Both

parties agree a Presentence Report shall be prepared to determine Defendant's applicable criminal

history category. Both parties agree that neither a request for an upward departure nor a request

for a downward departure or variance is permitted by either of the parties. Should either party

seek a departure from the agreed upon sentence, the other party may withdraw from the plea

agreement and proceed with the case without regard to this agreement, as it shall be null and

void.

d.    The United States and the Defendant understand that the above agreements and  stipulations shall not be binding on the Court until such time as the Court may choose to accept this agreement.

## DEFENDANT'S ADMISSION OF FACTS

9.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty.  I recognize and accept responsibility for my criminal conduct.  Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt.  I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of the facts are true and correct:

a.    On June 24, 2010 through June 26, 2010, I engaged in Internet and telephone conversations with person I believed to be an 11 year old female.  During the course of these conversations, the conversations were sexual in nature.  Specifically, I sent images of myself masturbating via webcam this 11 year old child.  I inquired about this child's knowledge of sexual activities and past experiences.  I told the female that I wanted to engage in sexual activities with the 11 year old and described in detail the sexual acts I would perform.  During the course of these conversations, I discussed with the 11 year old driving to Clovis, New Mexico from Albuquerque, New Mexico to see her.

b.    On June 26, 2010, I left my residence in Albuquerque, New Mexico to drive to Clovis, New Mexico to meet this 11 year old female.  Upon arrival at the child's

residence, I was arrested by Curry County Sheriff's Office (CCSO) Deputies.  CCSO Detective

Caroland patted me down subsequent to arrest and discovered a digital camera in my pocket.

        c.      On June 26, 2010, I participated in a tape-recorded interview with CCSO

Detective Caroland.  After advise of my *Miranda* Rights, I voluntarily agreed to speak with

Detective Caroland.  I admitted that I had met an 11 year old female on the Internet through

Yahoo! Chat.  I talked with the 11 year old multiple times and the chats between myself and her

turned sexual.  I admitted that I drove to Clovis to have sexual activity with this 11 year old

female.  I also admitted I am attracted to young children and brought the camera to take sexually

explicit pictures of the 11 year old child.  I admitted to Detective Caroland that I knew my

actions were wrong.

        d.      I now know that my digital camera, which I brought to Clovis, New

Mexico to produce visual depictions of a minor engaged in sexually explicit conduct in violation

of 18 U.S.C. § 2251 was manufactured in Osaka, Japan, so as to satisfy interstate nexus.

        e.      In sum, on June 22 to June 26, 2010,  while at my residence in Bernalillo

County, in the District of New Mexico, I knowingly used the Internet and telephone, which is a

facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and

coerce and individual I believed was under the age of 18 to engage in any sexual activity for

which I would be charged with a criminal offense, that being Criminal Sexual Contact of a Minor

in violation of N.M. Stat. Ann. § 30-9-13.  Furthermore, on June 26, 2010, in Curry Couny, in

the District of New Mexico, I did attempt to employ, use, persuade, induce, entice and coerce a

person I believed to be an 11 year old female to engage in sexually explicit conduct for the

purpose of producing a visual depiction, such visual depiction would have been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

10.      By signing this agreement, the Defendant admits all the foregoing facts and admits that there is a factual basis for each element of each crimes to which the Defendant pleads guilty.  The Defendant also recognizes and accepts responsibility for his criminal conduct.  The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11.      Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rules of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts Defendant admits in conjunction with the plea agreement.

## DEFENDANT'S OBLIGATIONS

12.      The Defendant understands his obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information.  The Defendant hereby represents that he has complied with and will continue to comply with this obligation.

13.      If requested to do so by the United States Attorney's Office, the Defendant will

7

submit a personal financial statement under oath and/or submit to interviews by the United States

Attorney's Office regarding the Defendant's capacity to satisfy any fines and/or restitution.

14.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the

Defendant may have in any asset derived from or used in the commission of the offenses in these

cases.  The Defendant agrees to cooperate fully in helping the United States (a) to locate and

identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all

or part of any such assets.  The Defendant further agrees to cooperate fully in helping the United

States locate, identify, and obtain possession and/or ownership of any other assets about which the

Defendant may have knowledge that were derived from or used in the commission of offenses

committed by other persons.

15.     The Defendant voluntarily and immediately agrees to forfeit to the United States

all of the Defendant's right, title, and interest in the following assets and properties:

(A)     Panasonic Model DMC-TZ3 digital camera, serial number FH7SC15282R;

(B)     Dell Dimension XPS T450 Computer, Serial Number 35815, which contained an internal Maxtor 9065OYU2 Hard Drive, Serial Number 000557OT and an internal Western Digital Cavia 24300 Hard Drive, Serial Number wm411;

(C)     Gateway GM5084 Computer, Serial Number XCM67R1002669, which contained an internal Western Digital WD3200BB Hard Drive, Serial Number WCAMR2720183; and

(D)     Hitachi Hard Drive, Serial Number NX1XP6GW.

16.     The Defendant agrees to waive the right of notice of any forfeiture proceeding

involving the above-described property.

17.     The Defendant knowingly and voluntarily waives the right to a jury trial on the

forfeiture of the above-described property.  The Defendant knowingly and voluntarily waives all

constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding.

8

The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States, any State or its subdivisions.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

18.    The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that the Defendant shall keep the Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment or student status, or other relevant information within three business days after such change. The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information. The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of New Mexico. The Defendant further understands, that under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

9

19.     As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation office.  The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information.  The Defendant shall provide proof of registration to the Probation office within 72 hours of release from imprisonment.

## WAIVER OF APPEAL RIGHTS

20.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law.  In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## UNITED STATES' AGREEMENT

21.     Provided that the Defendant fulfills his obligations as set out above, the United States agrees that:

a.     The United States will not bring additional charges against the Defendant arising out of the facts forming the basis of the present Indictment.  This includes an charges related to distribution, receipt and possession of visual depictions of child pornography from the

items seized from the Defendant's Albuquerque apartment by Albuquerque Police Department in June 2010.

b.      This plea agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.  The Defendant understands this plea agreement does not contemplate any resolution or sentence of criminal charges that may be brought for hands on sexual or physical abuse of children, or production of visual depictions of child pornography based upon the evidence in this case.  Thus, the Defendant understands this plea agreement relates only to pending criminal charges, in this case, for his conduct in the District of New Mexico.

## DEFENDANT'S RIGHT TO WITHDRAW GUILTY PLEA

22.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

## VOLUNTARY PLEA

23.     The Defendant agrees and represents that his plea of guilty is freely and voluntarily made and not the result of force,  threats or promises (other that the promises set forth in this agreement).  There have been no promises from anyone as to what sentence the Court will impose.  The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

24.     The Defendant understands and agrees that if Defendant violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crimes or offenses contained in or related to the charges filed in these cases, as

11

well as perjury, false statement, obstruction of justice and any other crime committed by the

Defendant during this prosecution.

## SPECIAL ASSESSMENT

25.     At the time of execution of this plea agreement, the Defendant will tender a money

order or certified check payable to the order of the United States District Court, District of New

Mexico, 333 Lomas Blvd., NW, Suite 270, Albuquerque, New Mexico, 87102, in the amount of

$200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

26.     This document is a complete statement of the agreement in these cases and may not

be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 2nd day of June, 2011.


KENNETH J. GONZALES
United States Attorney


CHARLYN E. REES
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87102
(505) 346-7274


TYE HARMON
Attorney for Defendant


I have read this plea agreement and carefully reviewed every part of it with my attorney.  I
understand the plea agreement and voluntarily sign it.


**KEVIN DWYER**
Defendant